Lebedin | KOFMAN
LLP
ATTORNEYS AT LAW
26 Broadway, 27th Floor
NEW YORK, NY 10004
t (212)500-3273
F (855)696-6848

ARTHUR LEBEDIN*                                                           * Member N.Y. & N.J. Bar
 RUSS KOFMAN+                                                                   + Member N.Y. Bar
JOHN SIGNORIELLO+                                                   # Member N.Y., N.J., N.C. & S.C. Bar
MICHAEL LEINOFF#

July 25 , 2022

**BY EMAIL / ECF**
The Honorable .Paul A. Engelmayer
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

Re: *United States v. Rowson,,* 22 Cr. 310 (PAE)

Your Honor:

**A. Preliminary Statement**

Mr. Iszayah Rowson respectfully moves the Court for an order granting his release pursuant to 18 U.S.C. § 3142(c).

Mr. Rowson submits the following bail proposal to alleviate any concerns the Court may have that he is a danger to the community or a risk of flight: a $75,000 personal recognizance bond secured by three financially responsible persons; home incarceration, and electronic monitoring.

Mr. Rowson is charged in the Indictment with one count of receipt of a firearm while under indictment in violation of 18 U.S.C. § 922(n), 924(a)(1)(D) and 2.

Mr. Lima was arraigned on August 10, 2021, with the government seeking his detention, and an order of detention was entered with leave for him to reopen the matter and present a bail package.

**B. Discussion**

    **1. Applicable Law**

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required." U.S. Const. amend VIII. The Bail Reform Act of 1984 ensures this principle through 18 U.S.C. § 3142(b), which requires a court "to order the pretrial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will

not reasonably assure the appearance of the person as required or endanger the safety of any other person or the community.'" *United States v. Sabhnani*, 493 F.3d 63, 74-75 (2d Cir. 2007) (quoting 18 U.S.C. § 3142(b)). Accordingly, the Bail Reform Act strongly favors pretrial release, and a court should only detain a defendant in the absence of existing conditions, or a combination of conditions of release, that would reasonably assure the appearance of the defendant as required and prevent danger to the community. *See* 18 U.S.C. § 3142(c)(1). In determining whether such conditions exist, a court must consider the factors outlined in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence…;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and [ . . . ]
>
> (4) the nature and seriousness of the danger to any person that would be posed by the person's release.

The government has "the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Mercedes*, 254 F.3d at 436. *See also United States v. Martir*, 782 F.2d. 1141, 1146 (2d Cir. 1986); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d. Cir. 1985); and *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991).

The Bail Reform Act requires a court to "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189); *see United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo Murillo*, 495 U.S. 711, 723-24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), *cert. dismissed sub nom.*, *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

### 2. 18 U.S.C. § 3142(c) Requires Mr. Rowson's Release

At Mr. Rowson's arraignment on the criminal complaint on April 4, 2022, bail was set by Magistrate Judge Jennifer E Willis T $75,000 personal recognizance bond secured by three

financially responsible persons, an electronic monitoring device can be supplied and Mr. Rowson was subsequently remanded by District Judge Katherine Polk Failla.

The charges against Mr. Rowson do not, alone, support a claim that he is a danger to the community or a flight risk. Counsel has received information from several people who are financially responsible and willing to sign a bond for Mr. Rowson's release. This group consists of Mr. Rowson's family and friends, including his mother, aunt, manager and girlfriend. Their decision shows that those who know Mr. Rowson best, trust that he will return to Court and not pose a danger.

Mr. Rowson is a lifetime resident of New York City who resides with his mother. He has a girlfriend and a child who was recently born. His family is extremely close. He would return home if released. These ties show that Mr. Rowson will not flee.

Mr. Rowson's limited criminal history also supports his release. He has no criminal convictions. While he is pending indictment in the Bronx for criminal possession of a weapon in the second degree under 265.03, on information and belief there are profound flaws in the government's evidence in that case such that they are currently seeking to resolve the matter with a misdemeanor. On balance, Mr. Rowson's criminal history weighs in favor of pretrial release.

As alleged, Mr. Rowson is accused of possessing a gun while driving in the back seat of an uber. The alleged basis of the car stop is that Mr. Rowson was not wearing a seatbelt. Even accepting the government's accusations as true, this is a case of passive gun possession. The acts alleged do not involve any attempts or acts of actually using the gun. These factors show that he is not a danger.

In support of its assertion that Mr. Rowson is a flight risk, the Government points to the fact that he did not appear for his court appearance in his Bronx state case that was scheduled for Friday, April 1, 2022. However, Mr. Rowson had been instructed by his attorney at the time that the case had been adjourned to that Monday, April 4, 2022, and that he should come to court on that date. No bench warrant was ordered on April 1, 2022.

The Government additionally relied on various social media posts of Mr. Rowson's that had been taken out of context. The social media posts consisted of pictures of Mr. Rowson carrying what appears to be a firearm. However, attached hereto as Exhibit A are screenshots of said posts with metadata showing that they were taken in Georgia, where such conduct would not be illegal, and prior to any of his arrests.

I have additionally included several character reference letters provide by those close to Mr. Rowson on his behalf.

Mr. Rowson's need to prepare for trial also justifies his release. Mr. Rowson's inability to regularly communicate with counsel severely prejudices his defense and presents obstacles to investigating and preparing his case. Continued and prolonged interference with Mr. Rowson's Sixth Amendment right to counsel is an independent basis for his release on bail pending trial. *See, e.g., United States v. Burrell*, et al., 15 Cr. 95 (AJN) (SDNY), Docket # 2798 at p. 5 (finding that defendant's release was "necessitate[d]" by "the obstacles the current public health crisis poses to the preparation of the Defendant's defense," which "impacts the Defendant's ability to prepare his defenses. . . ."); *see also United States v. Rodriguez*, No. 12-CR-83S, 2014 U.S. Dist. LEXIS 115000 (W.D.N.Y. Aug. 18, 2014), at *24 (recognizing that the burden imposed by conditions of confinement on the "quality of attorney-client relationship" could warrant release

   We live in unprecedented and dangerous times due to COVID-19. This pandemic is societal-changing, especially for incarcerated defendants like Mr. Rowson. Prisoners cannot freely decide how they choose to avoid infection. The jail decides if and when Mr. Rowson will socially distance from others, which correction officers, or other inmates, he will associate with, or whether to associate with them at all and how often to wash his own hands and disinfect his property. And the crisis has caused facilities like the Metropolitan Detention Center to implement lockdowns, causing limited access to discovery and in-person attorney-client visits, and erratic remote access. These impediments deprive defendants, like Mr.Rowson, of effectively engaging with their lawyers.

   For the reasons discussed, Mr. Rowson respectfully requests his release on bond.

                  Respectfully,

                  /s/John Signoriello

cc: Counsel of Record